## GENERAL AMERICAN TANK CAR CORPORATION v. DOBDA.

[No. 12,355. Filed October 16, 1925.]

MASTER AND SERVANT.—*Industrial Board's finding that injured employee's total disability had not ceased held erroneous.*—A finding by the Industrial Board that an injured employee's total disability had not ceased was erroneous when the uncontradicted evidence showed that he had been employed for a number of months by different employers, and physicians who examined him were of the opinion that he could do ordinary work.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by George Dobda against the General American Tank

Car Corporation, which filed a petition to be relieved from further payments. From a denial of said petition, the employer appeals. *Reversed.* By the court in banc.

*Gavit, Hall, Smith & Gavit,* for appellant.

*William J. McAleer, Francis J. Dorsey, Gerald A. Gillett* and *Perry R. Chapin,* for appellee.

NICHOLS, P. J.—On June 15, 1922, the instant parties filed an agreement with the Industrial Board by which appellant agreed to pay appellee statutory workmen's compensation during appellee's period of temporary total disability resulting from injuries he received on May 31, 1922, while employed by appellant. Thereafter, appellant petitioned said board to be relieved from further payments under said agreement for the reason that said period of temporary total disability had ended. From the full board's finding and award that said period had not ended and its denial of said prayer, this appeal is prosecuted.

It appears by the undisputed evidence that appellees temporary total disability had ceased, that before the time of the trial, he had been employed for a number of months by the Western Steel Company, not working all of the time, however; that he had been employed by the Standard Steel Car Company, working for that company about two months. In each of these employments, he received substantial wages. It was the opinion of physicians who examined him that he could do ordinary work, though one of them testified that he would be impaired for heavy labor.

We hold that the Industrial Board erred in holding that temporary total disability still continued. The award is reversed, with instructions to the Industrial Board to determine the extent of partial disability, if any, and to make its award accordingly.